# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-00773-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Kristopher Knapp's ("Plaintiff") complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for disability insurance benefits under Title II of the Social Security Act. (ECF No. 1.) The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 5, 29.)

At the hearing on September 28, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the Administrative Law Judge's ("ALJ") finding that Plaintiff's allegation regarding the intensity, persistence, and limiting effects of his symptoms were not fully

credible. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quotations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15; *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). An ALJ can consider many factors when assessing the claimant's credibility, including (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Light v. Social Security Administration*, 119 F. 3d 789, 792 (9th Cir. 1997); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

Here, the ALJ found that Plaintiff had severe physical and mental impairments that cause more than minimal impediments to his ability to perform basic work functions. (AR 20). Because she did not find that Plaintiff was malingering, the ALJ was required to provide specific, clear and convincing reasons for rejecting Plaintiff's testimony about the severity of his symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

The ALJ provided the following reasons for discounting Plaintiff's testimony:

> Finally, the undersigned considered the statements, testimony, and reports by the claimant. He testified that he had been unable to work because of his physical and mental conditions. However, several factors diminish the claimant's overall credibility. He had little difficulty recalling details about his work history in construction engineering and as a college professor. He even provided details about his childhood. Such testimony is not consistent with the

2

> alleged severity of his memory problems. Moreover, the record shows that he had not required extensive treatment of his physical impairments and that he has reported improvements while on psychotropic medication. Still, the undersigned has considered the relevant portions of his testimony and has incorporated reasonable limitations into the residual functional capacity to reflect his complaints. Consequently, with the foregoing factors in mind, the undersigned has concluded that the claimant's testimony with regard to the severity and functional consequences of his symptoms and limitations is not fully credible."

(AR 24).

The Court starts with the first reason, i.e., that Plaintiff "had little difficulty recalling details about his work history in construction engineering and as a college professor. He even provided details about his childhood." (AR 24). The ALJ did not include any citations for this opinion, either regarding what Plaintiff testified about when he recalled details or what he testified about regarding his memory limitations. The Court has reviewed the hearing transcript and finds some instances when Plaintiff remembered relevant details. *See, e.g.*, (AR 39) ("Q: What was your job at Zumwalt? A: I was a senior project manager responsible for the construction of projects as assigned to me. An example of my past experience would have been I was responsible for building prisons, Kaiser Hospital locally was one I was responsible for building."); (AR 42) ("I have three sisters. My mother took care of my three sisters. My father was in the military and gone quite frequently. She was not essentially supportive as a mother and in fact at one time said I don't understand how to take [care] of boys so your father will take care of you. . . . I recall an incident where his mother was present and scolded him for telling him that your son it not one of your recruits or crew members so and to this day when I left to go to college has been estranged from my father."); (AR 42) ("I was a professor in construction management, civil engineering department at California State Chico."). The Court has also found times when Plaintiff could not remember relevant details. *See e.g.*, (AR 39) ("Q: Have you ever applied for or received unemployment? A. Not, no, I can't think of any. I have problems with my memory and no, I."); (AR 45) ("Q: Did you do consulting work for them? A: I cannot recall if I did or not."); (AR 45) ("I'm on daily dosages of Norco, Bento for motility issues, Zofran for nausea. I'm sorry if I can't recall all.").

Plaintiff's testimony about his memory limitations was brief at the hearing. When he

described walking the dog, Plaintiff testified, "It's anywhere between three to five miles but it is a very calculated route, always keeping to my right. If I stay to my right I eventually make it back around to my house. If for some reason I cannot, I lose track of where I am I have a wrist band that has my identification, my wife's and my son's telephone numbers." (AR 38). Plaintiff also testified, "I can't remember at times where I'm at." (AR 46). Plaintiff reported in his function report that he "can read but do not always retain," (AR 241), "needs to be reminded by spouse and spouse leaves notes" regarding taking care of personal needs, (AR 243), "on occasions he is confused if he has taken meds or not," (AR 243), "sometimes forget to pay" money for bills, (AR 245), and needs instructions repeated "more than once," (AR 246).[1]

The Court has compared Plaintiff's demonstrated memory at the hearing with his stated limitations and does not find that they are necessarily contradictory. Plaintiff's testimony demonstrated that he remembers long-term details about his employment and childhood. Plaintiff's limitations, in contrast, appear to concern his location and short-term memory. These statements are not necessarily inconsistent and do not provide a specific, clear and convincing reason to reject Plaintiff's testimony about the severity of his symptoms.

The ALJ's second reason was that Plaintiff did not "required extensive treatment of his physical impairments." (AR 24). Again, the ALJ fails to provide any citation or to mention which physical impairment did not receive treatment. Nor is the reasoning supported by the record. Plaintiff had a heart catheterization in 2012, an upper endoscopy in 2013, a colonoscopy in 2010, and an exploratory laparotomy in 2003. (AR 725). This is not a specific, clear and convincing reason to reject Plaintiff's testimony about the severity of his symptoms.

The ALJ's third and final reason was that Plaintiff "has reported improvements while on psychotropic medication." (AR 24). As an initial matter, Plaintiff testified that his symptoms did improve, so stating that there were improvements is not necessarily inconsistent with his testimony. (AR 50) ("Q: And now in terms of other symptoms did any other symptoms improve or change when you changed psychiatrists? A: Yes."). To the extent the ALJ was suggesting

---

[1] At the hearing, counsel for both parties pointed to other parts of the record they claimed was supportive or not supportive of the ALJ's conclusion. As the ALJ did not rely on those other citations, the Court does not analyze them in assessing the sufficiency of the ALJ's opinion on this point.

4

that he had improved so much that he no longer suffered symptoms, the evidence does not support such a conclusion. In January 2015, after substantial treatment, Plaintiff attempted suicide. (AR 1066). On June 16, 2015, relatively late in his treatment, the record indicates, "Has been struggling with memory problem, feels more irritable lately. States yesterday was a particularly bad day for depression and anxiety." (AR 1088). Given these and other mixed results from treatment, and Plaintiff's admission that he had improved, this reason too is not a specific, clear and convincing reason to reject Plaintiff's testimony.

Accordingly, the Court reverses the ALJ insofar as she found Plaintiff to be not credible as to the severity of his symptoms. The Court will remand for further proceedings. Given that the ALJ stated that it had "incorporated reasonable limitations into the residual functional capacity to reflect his complaints," the Court is not determining what, if any, changes are needed to the RFC and the ultimate determination.

Accordingly, the Court will REVERSE and REMAND to the ALJ with instructions for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **October 1, 2018**          /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE