UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 1:17-cv-00773-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)<br><br>(ECF No. 41) |

On August 27, 2020, Plaintiff's counsel, Kelsey Mackenzie Brown ("Brown"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 41). Plaintiff was served with a copy of the motion and given the opportunity to object by September 24, 2020. (ECF Nos. 42, 44, 46). Defendant filed a response to the motion which took no position on the reasonableness of Brown's request for attorney's fees. (ECF No. 48).

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $28,500, subject to an offset of $5,500 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on January 29, 2020, (ECF No. 40).

**I.   BACKGROUND**

Plaintiff, acting *pro se*, (*see* ECF No. 4), brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability insurance benefits and supplemental security income under the Social Security Act on June 6, 2017. (ECF No. 1). On

April 11, 2018, Brown filed a notice of appearance. On October 2, 2018, the Court reversed the administrative law judge, remanded the case to the Social Security Administration for future proceedings, and entered judgment accordingly. (ECF Nos. 35, 36). On January 29, 2020, the Court entered an award of $5,500 in attorney's fees under the EAJA pursuant to the parties' stipulation. (ECF Nos. 39, 40).

On December 11, 2019, the Commissioner wrote a letter to Plaintiff, indicating that retroactive disability benefit payments had been awarded to him as of March 2012. (ECF No. 41-2 at 1). The notice indicated that $54,502.75 was being withheld, "in case we need to pay your representative." (*Id.* at 4). That amount represents 25% of Plaintiff's past-due benefits.[1]

On August 27, 2020, Brown filed a motion for attorney's fees in the amount of $28,500, with an offset of $5,500 for EAJA fees already awarded. (ECF No. 41).

## II. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide

---

[1] Plaintiff's first check, which represented the amount owed through October 2019, was for $163,508.25. (*Id.* at 1). That amount, plus $54,502.75, is $218,011. Twenty-five percent of that $218,011 is $54,502.75.

2

adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff and Brown signed a fee agreement, which provides:

> THE CLIENT authorizes MACKNEZIE LEGAL to seek fees from their past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT is awarded benefits by the Court on appeal, or the Social Security Administration after the Court remands the case to the Social Security Administration for further proceedings.

(ECF No. 41-1 at 2).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that she spent 31.4 hours of attorney time representing Plaintiff in this matter, ultimately gaining a favorable decision in that the case was remanded to the Commissioner, who then awarded benefits to Plaintiff. (ECF No. 41-3). Three of those hours appeared to be spent seeking EAJA fees. (*See* ECF Nos. 36 (entering judgment on October 2, 2018), 37 (motion for EAJA fees filed on December 28, 2018), 41-3 (showing three hours spent on December 28, 2018)). There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $28,500, which results in an hourly rate of $907. The Ninth Circuit found a similar rate reasonable in 2009. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part). As a different court in this district recently noted, even higher effective hourly rates have been approved:

> [S]ince *Gisbrecht*, courts note that reducing a fee request is dicey business and find fee awards of an effective hourly rate much higher than this to be reasonable. *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); *see also Villa v. Astrue*, No. CIVS-060846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

*Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).

Further, the requested attorney's fees award of $28,500 does not exceed 25% of past-due benefits, and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug.

21, 2015) (granting § 406(b) attorney fees in the amount of $24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500), *adopted by* 2011 WL 841363.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to § 406(b) in the amount of $28,500 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $5,500 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $5,500.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $28,500 (ECF No. 21) is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $5,500 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Kristopher Knapp, 1770 Alluvial Ave., Apt. 188, Fresno, CA 93611.

IT IS SO ORDERED.

Dated:  **October 2, 2020**            /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE